UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. FAZIO et al., | No. 2:14-cv-0538 GEB KJN PS |
| Plaintiffs, | |
| v. | ORDER |
| WASHINGTON MUTUAL FA, et al., | |
| Defendants. | |

On March 25, 2014, defendant JP Morgan Chase Bank, N.A. ("JP Morgan") filed a motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 8.) JP Morgan noticed its motion for a hearing to take place before the undersigned on April 24, 2014. (Id.)

Pursuant to this court's Local Rules, plaintiffs were obligated to file and serve a written opposition or statement of non-opposition to the pending motion at least fourteen (14) days prior to the hearing date, or April 10, 2014. See E.D. Cal. L.R. 230(c).[2] Although that deadline has

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] More specifically, Eastern District Local Rule 230(c) provides:

> **(c) Opposition and Non-Opposition.** Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or

1

now passed, the court's docket reveals that plaintiffs, who are proceeding without counsel, failed to file a written opposition or statement of non-opposition with respect to JP Morgan's motion to dismiss.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.[3] See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52,

---

> continued) hearing date. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .

[3] The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss. See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. App'x. 789, 790 (9th Cir. 2010) (unpublished).

2

1  53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground
2  for dismissal"); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal
3  Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with
4  any order of the court"); <u>Thompson v. Housing Auth. of City of L.A.</u>, 782 F.2d 829, 831 (9th Cir.
5  1986) (per curiam) (stating that district courts have inherent power to control their dockets and
6  may impose sanctions including dismissal or default).

   In light of plaintiffs' pro se status and the court's desire to resolve the action on the merits, the court declines to recommend dismissal at this juncture and instead provides plaintiffs with another, final opportunity to oppose JP Morgan's motion to dismiss. However, plaintiffs are cautioned that any future failure to comply with the court's Local Rules,[4] the Federal Rules of Civil Procedure, and/or the court's orders may result in dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

   Because another motion to dismiss filed by defendant MTC Financial Inc. ("MTC") is also presently noticed for hearing before the undersigned on May 8, 2014, and in the interests of judicial efficiency, the court sets both motions for hearing on the same calendar and <u>sets a special briefing schedule for both motions</u>, as outlined below. *Failure to comply with the special briefing schedule as to either motion may result in dismissal of the action.*

   In light of the foregoing, IT IS HEREBY ORDERED that:

   1. The April 24, 2014 hearing on JP Morgan's motion to dismiss is VACATED and CONTINUED to Thursday June 5, 2014, at 10:00 a.m., in Courtroom No. 25 before the undersigned.

   2. The May 8, 2014 hearing on MTC's motion to dismiss is VACATED and CONTINUED to Thursday June 5, 2014, at 10:00 a.m., in Courtroom No. 25 before the undersigned.

   3. Plaintiffs shall file any written opposition to the motions to dismiss **on or before May 8, 2014**. Alternatively, if plaintiffs conclude that they no longer wish to pursue the action at

---

[4] A copy of the court's Local Rules can be obtained from the Clerk of Court or on the court's website at http://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/.

this juncture, they may instead file a notice of voluntary dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) no later than May 8, 2014.

4. Plaintiffs' failure to file either a written opposition to the motions to dismiss or a notice of voluntary dismissal by the required deadline will be deemed a statement of non-opposition to the pending motions and consent to the granting of the motions, and shall constitute an additional ground for the imposition of appropriate sanctions, including a recommendation that plaintiffs' entire case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. Defendants JP Morgan and MTC may file reply briefs to plaintiffs' opposition, if any, on or before May 22, 2014.

6. No further briefing will be permitted, unless specifically requested by the court.

IT IS SO ORDERED.

Dated: April 14, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE